IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SARAH L. SNYDER,

    Plaintiff,

v.                                                        Case No. 3:18-cv-01021

LAKIN CORRECTIONAL CENTER;
W. V. DIVISION OF CORRECTIONS.

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). Having considered the Application, the Court **GRANTS** same. The Court notes that Plaintiff has minimal funds in her inmate account; therefore, she shall not be required to pay an initial partial filing fee. However, Plaintiff is **ORDERED** to make monthly payments beginning on **September 5, 2018** equal to 20 percent of the preceding month's income credited to her prisoner account until the full filing fee of $350.00 has been paid. These payments shall be due by the fifth day of each month thereafter. The Federal Prison Camp at Alderson, or any other agency or facility having custody of Plaintiff, shall forward payments from Plaintiff's inmate account to the Clerk of Court each time the amount in Plaintiff's inmate account exceeds $10, until the full filing fee is paid. *See* 28 U.S.C. 1915(b). It is **ORDERED** and **NOTICED** that the recovery, if any, obtained in this action shall be paid to the Clerk

of Court who shall collect therefrom all unpaid fees and costs taxed against Plaintiff and shall pay the balance, if any, to the Plaintiff.

The Clerk of Court is **ORDERED** to issue a summons for each named defendant. The Clerk shall provide the summonses and copies of the complaint to the United States Marshals Service. Pursuant to 28 U.S.C. § 1915(d) and Rule 4(c)(3), *Fed. R. Civ. P.,* the United States Marshals Service is **ORDERED** to serve a summons and complaint on each defendant, or its designated agent for service. The Marshals Service shall promptly file the proof of service with the Clerk.

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend her complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

In order to state a cause of action for money damages under 42 U.S.C. § 1983, a plaintiff must show that **a person** was acting under color of state law and deprived the plaintiff of a federally protected civil right, privilege, or immunity. *Perrin v.*

*Nicholson*, 2010 U.S. Dist. LEXIS 105121, at *4 (D.S.C. 2010); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). For the most part, liability under 42 U.S.C. § 1983 is personal in nature, based upon a defendant's own constitutional violation. *Monell v. Department of Social Services of the City of NY,* 436 U.S. 658, 694. Here, Plaintiff has only named the Lakin Correctional Center and the West Virginia Division of Corrections as defendants. However, neither the Lakin Correctional Center, nor the West Virginia Division of Corrections, is a "person" subject to liability under 42 U.S.C. § 1983.

Therefore, if Plaintiff claims that a specific person (or persons) acting under color of state law violated her federal civil or constitutional rights, she must amend her complaint within **thirty (30) days** of the date of this Order to name the individual or individuals and to state precisely what civil or constitutional right each individual violated. If Plaintiff is unaware of the names of the relevant individuals, she shall designate in the case caption each individual whose name is unknown as a John Doe or Jane Doe (e.g. Correctional Officer John Doe; Nurse Jan Doe) **and shall further identify** each individual in the body of the complaint by description, date/time of contact, alleged act, or in some other manner that assists the court in determining the identity and number of individual defendants in the action, as well as the specific reason that each individual defendant is included in the complaint. To the extent Plaintiff knows partial names, she shall include those parts (e.g. Correctional Officer Thomas LKU ('last name unknown")).

Plaintiff is advised that the Eighth Amendment to the United States Constitution requires the State to provide its prison inmates with basic medical care. *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A prison

official violates this constitutional guarantee when he responds to a prisoner's serious medical need with deliberate indifference. *Estelle,* 429 U.S. at 104; *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Therefore, to state a cognizable Eighth Amendment claim, an inmate must meet two prongs, one objective and one subjective. First, the inmate must demonstrate the existence of a medical condition or need that is objectively serious. *Estelle,* 429 U.S. at 104. Second, the inmate must show that the official subjectively knew of, but disregarded, "an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A prison official is not liable under the Eighth Amendment if a reasonable response is made, "even if the harm ultimately [is] not averted." *Odom v. South Carolina DOC,* 349 F.3d 765, 770 (4th Cir. 2003) (*citing Farmer,* 511 U.S. at 844). To establish that a prison official's actions constitute deliberate indifference to a serious medical need, "the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990). Accordingly, Plaintiff must set forth facts in her complaint that meet the standard of an Eighth Amendment violation. A mere difference of opinion about whether medical care is needed is usually insufficient to maintain a valid cause of action. Therefore, when and if Plaintiff amends her complaint to assert an Eighth Amendment claim, she should bear these standards in mind.

Plaintiff is hereby given notice that a failure to amend the complaint as ordered may result in a recommendation that the complaint be dismissed for failure to state a claim cognizable under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. **Plaintiff is further reminded of his obligation**

4

as a *pro se* plaintiff to timely advise the Clerk of Court of any changes in her address.

The Clerk is instructed to provide a copy of this order to Plaintiff.

**ENTERED:** July 30, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge