IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**SARAH L. SNYDER,**

    **Plaintiff,**

v.                                              Case No. 3:18-cv-01021

**LAKIN CORRECTIONAL CENTER;
W.V. DIVISION OF CORRECTIONS;
LAKIN HEAD OF MEDICINE (JANE DOE);
LAKIN NURSE PRACTITIONER (JANE DOE);
LAKIN CORRECTIONAL OFFICER (JOHN DOE); and
LAKIN HOUSING UNIT OFFICER (JOHN DOE),**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the complaint against the Jane Doe and John Doe defendants be **DISMISSED**, without prejudice, pursuant to Fed. R. Civ. P. 41(b) and L. R. Civ. P. 41.1.. If the presiding District Judge adopts the previously-filed PF&R recommending dismissal of Lakin Correctional Center and the West Virginia Division of Corrections and Rehabilitation, the undersigned further **RECOMMENDS** that this action be removed from the docket of the Court.

1

I. **Relevant History**

On June 11, 2018, Plaintiff filed the complaint herein pursuant to 42 U.S.C. § 1983. (ECF No. 2). On August 28, 2018, Plaintiff filed a Motion seeking to amend her complaint in order to add new defendants. (ECF No. 10). Plaintiff could not recall the names of the individuals she sought to add as defendants, and instead provided brief physical descriptions and job titles. (ECF No. 10-1 at 2-3). On September 11, 2018, the undersigned entered an Order granting Plaintiff's request to amend her complaint. (ECF No. 14). In order for the complaint to proceed, however, the undersigned noted that the unidentified Jane and John Doe defendants had to be identified, so that they might be properly served. (*Id.* at 1). Accordingly, the undersigned ordered Defendants, Lakin Correctional Center and the West Virginia Division of Corrections, to attempt to identify the proposed defendants described by Plaintiff, and to file with the Clerk of the Court their names and addresses. (*Id.* at 1-2).

On September 20, 2018, Defendants filed a Notice of Filing in Response to the undersigned's Order, in which they informed the Court that staff at Lakin Correctional Center had attempted to discover the identities of the individuals described by Plaintiff, but had been unable to do so. (ECF No. 16). Defendants attached an exhibit, which included an affidavit explaining their efforts to ascertain the names of the proposed defendants, as well as several incident reports related to Plaintiff's incarceration at Lakin Correctional Center. (ECF No. 16-1). On October 9, 2018, Plaintiff filed a Response to Defendants' Notice. (ECF No. 21). In the response, Plaintiff asserted that Defendants' professed inability to discern the identities of the proposed defendants was "false and misleading." (*Id.* at 1). Plaintiff further stated that she believed the attached incident reports included two of the individuals she wished to add as defendants. (*Id.* at 2).

Plaintiff asserted that, "to the best of the Plaintiff's recollection," Ava Roush, a therapist identified in an incident report dated June 14, 2016, and William Stuckey, a correctional officer identified in several incident reports, were two of the proposed defendants. (ECF Nos. 16-1 at 10-12; 21 at 3).

In March 2019, the undersigned attempted to arrange a status conference to resolve the issue of the unidentified defendants, but learned that Plaintiff was no longer in custody and was now located at a residential reentry center. The undersigned further learned that the residential reentry center did not have videoconferencing capability. On March 28, 2019, the undersigned issued an Order explaining that Plaintiff was housed at Dismas Charities, in St. Albans, West Virginia, and, consequently, was unable to attend a status conference, in person or by videoconference. (ECF No. 24 at 1). Accordingly, the Court ordered Plaintiff, upon her anticipated release from Dismas Charities in early May 2019, to "promptly notify the Clerk of Court of her contact information so that a status conference can be scheduled in the instant matter." (*Id.*). Plaintiff was advised that a failure to comply with the Order, "may ultimately result in a recommendation that her complaint be dismissed." (*Id.*). The Order was not returned as undeliverable, thus indicating that Plaintiff received the Order. Plaintiff was released from custody on May 10, 2019. *See* BOP inmate locator at www.bop.gov/inmateloc/. Plaintiff is currently under the supervision of the United States Probation Office in the Southern District of West Virginia. *See United States v. Snyder,* Case No. 1:14-cr-00056-IMK-MJA-1 (N.D.W. Va. July. 8, 2014) at ECF No. 132.

On June 20, 2019, the undersigned issued a Show Cause Order noting that Plaintiff had failed to provide an updated address, despite being ordered to do so, and had not contacted the Court since October 2018. (ECF No. 25 at 3). The undersigned sent the

3

Order to an address provided by Probation Department staff, which was thought to be Plaintiff's most up-to-date residential address. (*Id.*). The Order was not returned as undeliverable, suggesting that Plaintiff did, in fact, receive the Order. More than thirty days have elapsed since the Show Cause Order was entered; however, Plaintiff has not complied with the Court's directives.

On July 5, 2019, the undersigned submitted a PF&R, recommending that Defendants, Lakin Correctional Center and the West Virginia Division of Corrections, be dismissed as defendants in this matter. (ECF No. 26). In the PF&R, Plaintiff was advised of her right to file objections and of the waiver that resulted from a failure to object. Once again, the PF&R was not returned as undeliverable, indicating that Plaintiff received the PF&R. The period allowed for objections to the PF&R has now passed, without any communication from Plaintiff. Moreover, Plaintiff has yet to notify the Clerk of the change in her contact information since her release from custody.

## II.   **Discussion**

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the United States Supreme Court explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

4

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[1]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. Plaintiff has failed to respond to two court orders instructing her to provide an updated address. (ECF Nos. 24, 25). Moreover, Plaintiff has made no effort to check on the status of this case since October 2018 despite being told that her failure to communicate could result in dismissal of her civil action. (*Id.*). These failures add up to a case history of Plaintiff proceeding in a deliberately dilatory fashion. This civil action

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

has been pending on the Court's docket for nearly fourteen months—during the last nine of which Plaintiff has been effectively absent, taking no action and making no contact with the Court. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendant given that witnesses become unavailable and memories become stale with the passage of time. Here, there are four unnamed, unserved defendants, whose identities are yet to be determined. Furthermore, considering that Plaintiff entirely disregarded two court orders instructing her to provide an updated address and other necessary information, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96. Nonetheless, given that the statute of limitations may not yet have expired on Plaintiff's claim, the undersigned recommends that the dismissal be without prejudice.

### III.     Proposal and Recommendation

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, **without prejudice**, and this matter be removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of

such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and counsel of record.

**FILED:** August 1, 2019

Cheryl A. Eifert
United States Magistrate Judge